16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Donald R. JOHNSON, Plaintiff-Appellant,
v.
Michael P.W. STONE, Defendant-Appellee.
 No. 93-1322.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1994.
 
 1
 Before: KEITH and RYAN, Circuit Judges, and JOHNSTONE, Senior District Judge.*
 
 ORDER
 
 2
 Donald R. Johnson appeals a district court grant of summary judgment for defendant in this civil rights action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Johnson filed his complaint in the district court alleging that he was denied a promotion due to race and sex discrimination. The government moved the district court to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. Following a hearing, the district court granted defendant's motion and entered judgment for defendant.
 
 
 4
 A grant of summary judgment will be reviewed de novo on appeal using the same test employed by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Upon consideration, it is concluded that defendant carried this burden, and plaintiff failed to show that a genuine issue of material fact remained for trial with respect to whether the settlement agreement should be enforced. See Shaheen v. B.F. Goodrich Co., 873 F.2d 105, 107 (6th Cir.1989) (per curiam).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation